**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPECIALTY PUBLISHING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3873 |
| | ) | |
| v. | ) | |
| | ) | |
| UDA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiff, SPECIALTY PUBLISHING CO, by and through its undersigned counsel, hereby files its Complaint against the Defendant, UDA TECHNOLOGIES, INC., (hereinafter referred to as "UDA") and alleges, as follows:

**Introduction**

This action arises from UDA's willful infringement of Plaintiff's trademark. Specialty Publishing Company, a known leader and innovator in the construction industry owns the Constructech trademark and awards deserving companies its "top products" award. UDA won this award between 2008- 2012. UDA, however, took its award and modified the trademarked logo to use in its marketing and advertising to generate sales. Defendant's misrepresentation extends beyond the mere unauthorized use of Plaintiff's trademarked logo. UDA has compounded its wrongdoing by fabricating a purported endorsement from Constructech, further leveraging Plaintiff's esteemed reputation for its own commercial gain. UDA was put on notice of its violations and unlawful activity but decided to ignore the notice and has continued to use the modified logo and fabricated quote on its website. This action seeks to hold UDA responsible for its willful violations and properly compensate Plaintiff.

1

## Jurisdictional Allegations

1. This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq*.).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant used the trademark at issue in interstate commerce.

4. Defendant has engaged in the sale and distribution of software bearing the infringing mark within Illinois through its website, "https://store.udatechnologies.com", and has offered and sold said software to consumers residing throughout the United States.

5. Additionally, Defendant advertises its software on its website, which is accessible to consumers nationwide, and has shipped software bearing the infringing mark via common carriers that traverse state lines. Such activities constitute 'use in commerce' as defined by the Lanham Act, 15 U.S.C. § 1127, and have a direct and substantial effect on interstate commerce, as they involve the sale and transportation of goods across state lines and the use of a nationally accessible medium for advertising and sales.

6. The Court has supplemental jurisdiction over the State law claims pursuant to 28 USC § 1367.

## Venue

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that this Court has personal jurisdiction over Defendant because a substantial part of the events giving rise to these claims occurred in this district, the parties' relationship commenced in this district,

and Defendant has sufficient contacts within the district.

8.      Venue is also proper in this district because the parties' relationship began in this district. Specifically, when Plaintiff issued five awards to Defendant between 2008-2012 it was based and located in Illinois.

9.      Finally, Defendant has purposefully availed itself to this district through its national marketing and advertising on its website and engaging with an Illinois Company.

## Parties

10.      Specialty Publishing Company is an Illinois Corporation incorporated in the State of Illinois. In 2022, Specialty moved its principal place of business from DuPage County, Carol Stream, Illinois to South Carolina. Specialty Publishing is the registered owner of the Constructech trademarks.

11.      UDA TECHNOLOGIES, INC., (hereinafter referred to as "UDA") is a Corporation incorporated in the State of Alabama with a principal place of business in Alabama.

## Facts Common to All Counts

12.      UDA Technologies is a leading provider of construction technologies, software, application development, and architectural services for construction professionals in the United States, Canada, and 75 countries worldwide.

13.      Specialty Publishing is a multimedia house that provides content across a variety of mediums—digital, podcast/radio, print, events, consulting, and much more.

14.      Specialty Publishing has created a respected reputation for itself over decades of work within the construction industry.

15.      The founders of Specialty Publishing have been recognized as an industry leader and expert in over 50 publications.

16.     Specialty Publishing produces a podcast with a large following.

17.     Plaintiff is the rightful owner of USA trademarks, which are registered on the

Principal Register and have become incontestable within the meaning of Section 15 of the Lanham

Act, 15 U.S.C. § 1065.  The following is a list of Plaintiff's federally registered trademarks:

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| CONSTRUCTECH | 5389756 | Jan. 30, 2018 | Magazines in the field of emerging technologies in construction, technology and product development trends and business in the field of construction |
| CONSTRUCTECH | 5389756 | Jan. 30, 2018 | Arranging and conducting business conferences in the field of emerging technologies and technology and product development trends |
| CONSTRUCTECH | 5389756 | Jan. 30, 2018 | Providing on-line magazines in the field of emerging technologies in construction, technology and product development trends and business in the field of construction; arranging and conducting educational conferences in the field of emerging technologies in construction, and technology and product development trends in the field of construction |
| CONSTRUCTECH | 5389756 | Jan. 30, 2018 | Providing a website featuring information on emerging technologies and trends, namely, product development technology and trends |

18.     Plaintiff used the trademark before Defendant.

19.     Plaintiff continues to use the trademark.

20.     Between 2008 and 2012, Defendant was a recipient of Constructech's Top

Products award.

21.     When presented with the award, Plaintiff provided Defendant with a badge of the award as pictured below:



22.     Defendant modified the above-pictured award by deleting the year of the award.

23.     Defendant modified the award as pictured below:



24.     Defendant's website is riddled with the logo of the modified award.





25.     Defendant used and continues to use the modified logo in marketing its products.



26.     Defendant again modified Plaintiff's logo by adding the 2017 year as pictured below. Defendant did not receive an award in 2017, and Plaintiff never authorized Defendant to modify the logo.



27.     In addition to modifying and publishing the modified badge, Defendant falsely claims to have won Constructech's Top Product award twenty-four (24) times.



28.     Additionally, Defendant has created a quote purporting Plaintiff's endorsement and support of Defendant.

29.     The quote at issue has been fabricated by Defendant.

30.     The quote has been published on Defendant's website and is being used as a marketing and advertising tool. (See below image).



31.     Defendant has used Plaintiff's likeness and industry influence to create a false claim that Plaintiff has sponsored Defendant.

32.     Defendant has leveraged Plaintiff's publicity and expertise to market and sell its products.

33.     The fabricated quote, strategically displayed on Defendant's website, falsely implies that Specialty Publishing Company has explicitly endorsed UDA Technologies' offerings, stating "…the best the industry has to offer."

34.     This statement is a complete fabrication, crafted by UDA to mislead consumers into believing that UDA's products have received the explicit approval and recommendation of Constructech.

35.     This act of fabricating a testimonial is a particularly egregious violation, as it not

only infringes upon Plaintiff's rights but also actively deceives the market. Consumers rely on the

credibility of endorsements from reputable sources like Constructech, and UDA's false claim

exploits this trust for its own advantage.

36.    On August 1, 2024, Plaintiff notified Defendant of its infringement and illegal use

and demanded it immediately cease to do so.

37.    Defendant ignored Plaintiff's notice and has continued to willfully infringe on

Plaintiff's trademark.

## COUNT I
## Trademark Infringement

38.    Plaintiff incorporates by reference each and every allegation of this Complaint as

though fully set forth herein.

39.    Plaintiff owns the Constructech design Trademark.

40.    Plaintiff was the first to use the trademark.

41.    Plaintiff's design is a valid trademark

42.    Defendant used the design in interstate commerce.

43.    Defendant used the design trademark in a manner that is likely to confuse and

deceive the sponsorship and approval of Defendant's products.

44.    Upon information and belief, Defendant profited from infringing on Plaintiff's

trademark.

45.    The value and reputation of Plaintiff's trademark has been diluted as a result of

Defendant's infringement.

## COUNT II
## False Advertising Under Lanham Act

46.     Plaintiff incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

47.     Defendant made false and misleading statements of fact in a commercial advertisement about its products, alleging that Plaintiff has sponsored and approved Defendant's products.

48.     The statement actually deceived or had the tendency to deceive a substantial segment of Defendant's audience

49.     The deception was likely to influence the purchasing decisions of consumers.

50.     Defendant's products are advertised across state lines and Defendant's activity have a substantial effect of Plaintiff's business.

51.     Plaintiff has been or is likely to be injured as a result of the false statement. Including but not limited to loss of goodwill and reputation.

## COUNT III
## Violation of Illinois Right to Publicity Act

52.     Plaintiff incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

53.     Plaintiff's publicity and industry expertise is well known within the industry and Plaintiff's endorsement goes a long way building good will.

54.     Defendant fabricated a quote claiming that Plaintiff said "…the best the industry has to offer."

55.     Defendant appropriated the likeness of Plaintiff.

56.     Plaintiff did not provide consent to the use of fabricated quote.

57.     Defendant used the fabricated quote for a commercial benefit.

58.     Defendant benefited from the use of the fabricated quote.

59.     The damage caused by this fabricated quote is substantial. It undermines the integrity of Constructech's endorsements, erodes consumer trust, and unfairly advantages UDA in the marketplace. Plaintiff has invested significant resources in building its reputation as a reliable authority in the construction industry, and UDA's actions directly threaten to tarnish that reputation.

## COUNT IV
## Violation of the Illinois Uniform Deceptive Trade Practices Act

60.     Plaintiff incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

61.     Defendant engaged in deceptive and fraudulent marketing, advertising, and sale to Plaintiff's detriment.

62.     Defendant's deceptive and fraudulent acts, include creating false quotes, modifying Plaintiff's trademark, and false claims of support.

63.     The deceptive and fraudulent acts occurred in the course of conduct involving trade and commerce.

64.     Plaintiff suffered damages to its reputation and trademark as a result.

## COUNT V
## Unjust Enrichment

65.     Plaintiff incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

66.     Defendant unjustly gained financial gain and reputation by its unauthorized use of Plaintiff's likeness.

67.　　Defendant gained financial gain and reputation by its unauthorized use of Plaintiff's trademark.

68.　　Defendant gained financial gain and reputation by its unauthorized modification of Plaintiff's trademark.

69.　　Defendant's unjust enrichment is and was to Plaintiff's detriment.

70.　　Defendant's retention of the financial benefit violates the fundamental principles of justice, equity, and good conscience.

71.　　It is unjust to allow Defendant to retain its unlawful retention of the financial benefit.

## **Prayer for Relief**

72.　　An Order requiring Defendant to remove any and all false claims from Defendant's website, marketing materials, and all other materials claiming that UDA Technologies has won Constructech's Top Products awards outside the five awards Defendant won in 2008-2012.

73.　　An Order requiring Defendant to remove the fabricated quote from Defendant's website, marketing materials, and all other materials.

74.　　An Order requiring Defendant to cease using the modified Top Products logo and remove it from all platforms where it is currently displayed.

75.　　Compensatory Damages:

　　　　a.　　Profits Defendant made as a result of its infringement;

　　　　b.　　Reasonably royalties for the time Defendant infringed on the trademark;

　　　　c.　　Damages for Defendant's violation of the Illinois Right to Publicity Act;

　　　　d.　　Attorney's fees for Defendant's willful infringement;

e.    Costs incurred by Plaintiff to protect its trademark;

f.    Treble damages for Defendant's willful infringement;

g.    Reasonable statutory damages;

h.    Punitive damages; and

i.    Any other relief the court deemed reasonable and necessary

Respectfully Submitted:

*/s/ Matthew Amarin*
Matthew Amarin
Law Offices of Haytham Faraj, PLLC
1935 W. Belmont Avenue
Chicago, IL 60657
312-635-0800
Matthew@Farajlaw.com