UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPECIALTY PUBLISHING COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1: 25-cv-3873 |
| ) | |
| UDA TECHNOLOGIES, INC., ) | Judge Sharon Johnson Coleman |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Specialty Publishing Company ("Plaintiff"), brought suit against Defendant, UDA Technologies, Inc., ("Defendant"), alleging federal trademark infringement (Count I); false advertising under the Lanham Act (15 U.S.C. § 1051 et. seq.) (Count II); violation of the Illinois Right of Publicity Act (Count III), violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV), and common law unjust enrichment (Count V). Before the Court is Defendant's Motion to Dismiss) ("Motion") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [22]. For purposes of resolving this Motion, the Court's analysis is limited to determining whether it has personal jurisdiction over the Defendant and does not contemplate the merits of Plaintiff's claims. For the following reasons, the Court grants Defendants' Motion.

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Plaintiff's Complaint, Dkt. 1, and are assumed true for purposes of resolving this Motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff is a multimedia house that provides digital, podcast/radio, print, and other multimedia content. Plaintiff is an Illinois corporation that moved its principal place of business from Illinois to

1

South Carolina in 2022. Defendant is a provider of construction technologies, software, application development, and architectural services for construction professionals. Defendant is an Alabama corporation with its principal place of business in Alabama.

Between 2008 and 2012, Defendant was a recipient of Plaintiff's trademarked award, "Constructech's Top Products." Despite 2012 being the final year Plaintiff awarded Defendant, Defendant modified the date on its award to suggest it continued to receive the award in subsequent years. Defendant prominently displayed the modified award throughout its website and marketing materials far beyond 2012, and to date, continues to use the modified logo in marketing its products. Defendant also falsely claims to have won Constructech's Top Product award twenty-four (24) times. Finally, Defendant fabricated a quote purporting Plaintiff's endorsement and support of Defendant as "the best the industry has to offer," and strategically placed the fabricated quote on its website. On August 1, 2024, Plaintiff notified Defendant of its infringement and illegal use and demanded it immediately cease to do so. Defendant ignored Plaintiff's notice and has continued to utilize Plaintiff's trademarked award.

Plaintiff asserts that Defendant has engaged in the sale and distribution of software bearing the infringing mark within Illinois through its website, "https://store.udatechnologies.com", and has offered and sold said software to consumers in Illinois and throughout the United States. Additionally, Defendant advertises its software on its website, which is accessible to consumers nationwide, and according to Plaintiff, has shipped software bearing Plaintiff's trademark via common carriers that traverse state lines.

Defendant, by contrast, asserts that it holds no property in Illinois, has no employees in Illinois, does not ship products ordered from its website to Illinois, and has never shipped or otherwise delivered a product to a purchaser in Illinois bearing any of the logos or text complained of in this action. (Dkt. 22-2 at *1.) Defendant additionally asserts that neither Plaintiff nor Defendant is

2

principally located in Illinois, and none of the alleged conduct that gave rise to Plaintiff's injuries either occurred in or was specifically directed at Illinois. (*Id.* at *2.) Defendant concludes, if Plaintiff has any legitimate dispute with Defendant, the proper venue for such a dispute is in Alabama or South Carolina, where Defendant and Plaintiff are respectively located. (*Id.*)

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). To determine whether it has personal jurisdiction over Defendants, the Court must resolve whether Defendants have adequate "minimum contacts" with the forum state, Illinois, such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

Personal jurisdiction may be general or specific. *Id.* at 701-02. General personal jurisdiction exists where a defendant has established "continuous and systematic general business contacts" such that a defendant is "essentially at home in the forum." *Abelesz v. OTP Bank*, 692 F.3d 638, 654-56 (7th Cir. 2012). A corporation is "essentially at home" both where it is incorporated and where its principal place of business is located. *Id.* at 654. To exercise specific personal jurisdiction over individual defendants, a plaintiff must show: (1) individual defendants purposefully availed themselves of the privilege of conducting business in the forum state or personally directed activities at the state; (2) that a plaintiff's alleged injury has arisen out of the individual defendant's forum-related activities; and (3) that any exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice. *See Curry*, 949 F.3d at 398.

A plaintiff need only make a prima facie showing of personal jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts

presented in the record." *Curry*, 949 F.3d at 393. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, [however], the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F.Supp. 2d 837, 843 (N.D. Ill. 2009) (Dow, Jr., J.) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)). "The Court resolves factual disputes in the pleadings and affidavits in favor of the party asserting jurisdiction but takes as true facts contained in a defendant's affidavits that remain unrefuted by the plaintiff." *Id.*

**DISCUSSION**

In its motion, Defendant moves for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(2), arguing the Court lacks personal jurisdiction over Defendant. (Dkt. 22-2 at *1.) As to general jurisdiction, Defendant argues the Complaint neither expressly alleges that this Court has general jurisdiction over Defendant nor alleges such extensive contacts between Defendant and Illinois to establish general personal jurisdiction. *Id.* Defendant also asserts that it does not have sufficient minimum contacts with the forum to be subject to specific personal jurisdiction. *Id.*

Since Plaintiff has not argued that Defendant established sufficient contact with Illinois to be subject to general personal jurisdiction, the Court's analysis is limited to whether Defendant has minimum contacts with the state of Illinois to establish specific personal jurisdiction.

1. **Purposeful Availment in Illinois**

Defendant asserts that it did not purposefully direct its activities at the forum state or purposefully avail itself of the privilege of conducting business in the forum state.

The Supreme Court made clear that a defendant cannot be "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person," rather, there must be some "purposeful availment" by the defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Where a defendant has "created continuing obligations between

4

[itself] and residents of the forum," it has "manifestly availed itself of the privilege of conducting business there." *Id.* at 476. In the instance where a defendant engages in ongoing transactions with Illinois customers and maintains a business relationship with an Illinois-based plaintiff, a defendant "should reasonably anticipate being haled into court." *See id.* at 474.

Defendant asserts that Plaintiff cannot establish purposeful availment because its business with Illinois customers is relatively minimal compared to other cases involving e-commerce where the Court asserted personal jurisdiction over a defendant. (*See* Dkt 22-2 at *7-8.). Specifically, Defendant compares its activities to those analyzed in *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011), to argue that merely operating a website that is accessible in the forum state, like Defendant does, is not sufficient to confer specific jurisdiction over a defendant unless the website targets the forum state's market, even where the company has a few customers in the forum state. *Id.*

In its Response, Plaintiff argues the fact Defendant maintained a business relationship with Plaintiff, a company incorporated and headquartered in Illinois, during the five consecutive years it accepted a "Specialty Top Products" award, alone, is sufficient to establish minimum contacts. (*See* Dkt. 28 at *4.) More importantly, Plaintiff provides direct evidence of Defendant's Illinois customers that it provided to Plaintiff, including companies in Harwood Heights, Elgin, and East Peoria—representing intentional, ongoing commercial relationships with Illinois entities. (*Id.* at *5.) Plaintiff additionally emphasizes that Defendant's own website includes blog entries from Illinois-based customers and includes customer profiles of nearly a dozen Illinois-based entities. (*Id.* at *5-6.) In sum, Plaintiff concludes Defendant's website is not "passive," but instead, "markets products, processes transactions, and displays the infringing logos and endorsements" in a way that is "accessible to Illinois consumers and serves as the conduit through which" Defendant "reached Illinois." (*Id.* at *8.)

5

While the Court agrees with Defendant that mere operation of a website accessible to individuals in Illinois does not constitute purposeful availment,, the Court must resolve a factual dispute regarding the extent of Defendant's contacts with the forum in favor of the party asserting jurisdiction. *See C.S.B. Commodities,* 626 F.Supp. 2d at 843. Applying the controlling authority in this Circuit, the Court concludes that Plaintiff has sufficiently alleged Defendant established minimum contacts with the state through identification Defendant's actual Illinois-based customers, and at a minimum, because Defendant could reasonably foresee its products reaching the forum. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 759 (7th Cir. 2010)(contacts were sufficient to support personal jurisdiction based on defendant's maintenance of a commercial websites through which a single Illinois consumer purchased products); *see Curry*, 949 F.3d at 399 (emphasizing "there is no per se requirement that the defendant … target the forum …; it is sufficient that []defendant reasonably could foresee that its product would be sold in the forum"); see *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 427–28 (7th Cir. 2010) (jurisdiction proper where defendant knowingly engaged the Illinois market through sustained commercial contacts).

Defendant's reliance on *be2 LLC v. Ivanov* is unconvincing in light of the weight of authority supporting Plaintiff's position, and importantly, can be differentiated from the present dispute because in *be2*, there was no evidence that the defendant interacted with Illinois residents through free profiles it created on its site. *See be2*, 642 F.3d at 559. By contrast, Plaintiff in the present case identified numerous Illinois-based customers Defendant maintains commercial contacts with. The Court will not conclude, at this stage, that Defendant has so few interactions with those customers that it cannot be subject to suit within the forum. Accordingly, the Court agrees with Plaintiff that its sufficiently alleged Defendant purposefully availed itself of the privilege of conducting business in the forum state or personally directed activities at the state.

2. **Injury from Defendant's Forum-Based Activities**

6

Unfortunately for Plaintiff, however, The Court's conclusion that Defendant purposefully availed itself to the forum does not end the jurisdictional inquiry. To assert personal jurisdiction, the injury at issue must "arise out of" or "relate to" the conduct that comprises the defendants' contacts with the forum. *See Burger King*, 471 U.S. at 472. The Court cannot simply aggregate all of a defendant's contacts with a state as evidence of the constitutionally required minimum contacts in a specific action or base its determination on a general relationship between the parties; rather, the action must directly arise out of the specific contacts between the plaintiff, defendant, and the forum state. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277-78 (7th Cir. 1997).

Defendant asserts that it has never sold or shipped a product bearing the "Top Products" logo, the Construtech trademark design, the name or word "Constructech," or the quote "…the best the industry has to offer" attributed to Constructech. Declaration of Jennifer Stevens, ¶¶ 8-9; (Dkt. 22-2 at *9.) Defendant also emphasizes that none of the accused logos or statements identified in Plaintiff's Complaint appear in the profiles of Illinois-based customers Plaintiff identified in its Response. (Dkt 29 at *6.) Plaintiff, by contrast, argues that the injuries are related to Defendant's forum-based activities because the claims all stem from Defendant's knowing misuse of Plaintiff's Illinois-based brand and caused "injury to reputation and goodwill" in Illinois. (*Id.* at *7.)

The Court agrees with Defendant that no part of the events giving rise to Plaintiff's claims occurred in Illinois. Rather, the only conduct involving Defendant's publication of allegedly false or misleading advertising, occurred in Alabama where Defendant created and maintains its website. Even if Plaintiff were able to establish that one of the products sold to a customer in the forum state is the same product promoted in the alleged infringing advertising, the mere sales are insufficient to establish personal jurisdiction absent evidence that any purchaser actually saw the alleged infringing advertising prior to the purchase. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Plaintiff improperly relies on Defendant's interactions with its own Illinois

7

"Illinois-based brand" and "goodwill," but the Supreme Court has explicitly rejected asserting personal jurisdiction based on "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum." *See Walden v. Fiore*, 571 U.S. 277, 291 (2014). Like *Walden*, the application of this principle is clear: Defendant's alleged infringing conduct occurred entirely in Alabama, and the mere fact that its conduct affected Plaintiffs with connections to a forum does not suffice to authorize jurisdiction in a forum where no part of the events giving rise to Plaintiff's claims occurred. *See id.*

Due to Plaintiff's failure to link the alleged injury to Defendant's forum-related activities, the Court determines that it cannot assert personal jurisdiction over Defendant. Because of this finding, the Court dismisses Plaintiff's claims against Defendant and declines to analyze whether an exercise of such jurisdiction comports with the traditional notions of fair play and substantial justice.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss [22], for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**IT IS SO ORDERED.**

Date: 1/13/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge